**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MIGUEL ZAMORA, individually and on behalf of all others similarly situated,

*Plaintiff*,

-against-

RAYMOND R. CONSTRUCTION CORP., RAYMOND REMACHE, JESUS REMACHE, JULIO REMACHE, and JASMINE REMACHE,

*Defendants*.

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Miguel Zamora, by and through his undersigned counsel, as and for his Complaint against Defendants, RAYMOND R. CONSTRUCTION CORP., RAYMOND REMACHE, JESUS R. REMACHE, JULIO REMACHE, and JASMINE REMACHE (collectively "Raymond Construction" or "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Miguel Zamora ("Plaintiff"), individually and on behalf of all others similarly situated against his former employers, Raymond R. Construction Corp. and its principals, to recover unpaid overtime wages, unlawful deductions, unpaid spread-of-hours pay, and statutory penalties for Defendants' failure to provide mandatory wage notices and wage statements.

2. Defendants operated a construction business where they employed Plaintiff as a carpenter and framer. Throughout his employment, Defendants willfully failed to pay Plaintiff an overtime premium for hours worked in excess of forty (40) per week , failed to provide him with legally required wage notices and statements , and subjected him to a hostile work environment where employees were told they had "no voice".

3. Plaintiff brings this action to recover all compensation he is owed under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) because Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201, *et seq*.

5. This Court has supplemental jurisdiction over Plaintiff's claims arising under the New York Labor Law pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district. Plaintiff worked at various construction sites in New York , and the corporation is registered in Kings County, New York.

7. This Court has authority to issue declaratory and injunctive relief, and to order class-wide relief including certification of the FLSA collective and Rule 23 class, appointment of Plaintiff and his counsel as class representatives, and entry of judgment for all collective and class members.

**PARTIES**

8. Plaintiff Miguel Zamora is an individual residing in the State of New York.

9. Defendant RAYMOND R. CONSTRUCTION CORP. is a domestic business corporation organized and existing under the laws of the State of New York , with DOS ID number 5125231. Upon information and belief, its principal place of business is located in Kings County. At all relevant times, Defendant RAYMOND R. CONSTRUCTION CORP. conducted business in New York and was Plaintiff's direct employer.

10. Defendant Raymond Remache is, upon information and belief, an individual who is an owner of RAYMOND R. CONSTRUCTION CORP. alongside his brothers. Defendant

Raymond Remache exercised substantial control over the company's operations and Plaintiff's conditions of employment.

11. Defendant Jesus R. Remache is, upon information and belief, an individual who is an owner of RAYMOND R. CONSTRUCTION CORP. alongside his brothers. Defendant Jesus R. Remache is the corporation's designated agent for service of process with an address at 4718 New Utrecht Ave, 2nd Fl, Brooklyn, NY 11219. He exercised substantial control over the company's operations and Plaintiff's conditions of employment.

12. Defendant Julio Remache is, upon information and belief, an individual who is an owner of RAYMOND R. CONSTRUCTION CORP. alongside his brothers. Defendant Julio Remache also acted as a foreman, assigned job sites, hired Plaintiff, and informed Plaintiff of his termination. He exercised direct, day-to-day control over Plaintiff's conditions of employment.

13. Defendant Jasmine Remache is, upon information and belief, the daughter of Raymond Remache, and acted as the accountant and managed payroll for RAYMOND R. CONSTRUCTION CORP.. In this role, she exercised control over Plaintiff's pay practices and the issuance of his wages.

14. Defendants employed dozens of similarly situated non-exempt construction workers, including carpenters, framers, and laborers, who were subject to the same unlawful pay practices alleged herein.

15. At all relevant times, each Defendant was Plaintiff's "employer" as defined by the FLSA and NYLL.

## FACTUAL ALLEGATIONS

16. Plaintiff Miguel Zamora was employed by Defendants as a carpenter and framer from approximately June 1, 2024, to April 15, 2025 , for a total of one year and eight months.

17. Plaintiff's duties included general carpentry tasks and framing work on construction sites.

18. Plaintiff was hired at a rate of $17.00 per hour. After approximately one year, Defendants decreased his pay to $16.00 per hour.

19. At no point during his employment did Defendants provide Plaintiff with proper wage statements (ie, paystubs in compliance with NYLL 195).

20. Defendants also failed to provide Plaintiff with a wage notice at the time of hiring, as required by NYLL 195.

21. Plaintiff's typical schedule was Monday through Friday, from 7:00 AM to 4:00 PM; however, he would usually arrive at 6:30 AM but was not paid for that time.

22. Plaintiff consistently worked more than 40 hours per week, often working between 50 and 58 hours per week. His workday was frequently 10 hours long, and he sometimes worked until 11:00 PM.

23. Despite regularly working overtime hours, Defendants never paid Plaintiff an overtime premium of one and one-half times his regular rate of pay. All hours were paid as regular time. This was a company-wide policy affecting other employees as well.

24. On at least three occasions, Defendants deducted an hour of pay from Plaintiff's check for being late, even though Plaintiff had worked those hours.

25. Plaintiff and other employees were afraid to complain about their pay because they feared being terminated. Defendant Julio Remache would tell workers in meetings that they "have no voice".

26. On or about April 15, 2025, Plaintiff was abruptly laid off without any prior notice. Julio Remache informed Plaintiff and approximately 40 other workers that the job was over and handed them their final checks.

27. No severance or other compensation was provided upon termination.

28. Defendants maintained a common policy and practice of failing to pay overtime premiums for hours worked over forty in a week to Plaintiff and other similarly situated employees.

29. Defendants also failed to provide wage notices and statements to Plaintiff and members of the putative Rule 23 Class.

30. These practices were company-wide and applied uniformly to Plaintiff and all others similarly situated.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings the First Cause of Action under the FLSA on behalf of himself and all similarly situated persons who were employed by Defendants as non-exempt construction workers within three years prior to the filing of this Complaint and who did not receive overtime compensation at one-and-one-half times their regular rate for hours worked in excess of forty per week (the "FLSA Collective").

32. Upon information and belief, there are at least forty individuals in the FLSA Collective. These individuals are known to Defendants and are identifiable in Defendants' records.

33. Plaintiff and the FLSA Collective members are similarly situated in that they had the same primary job duties, were subject to the same compensation policies, and were all denied lawful overtime compensation. Plaintiff's claims are typical of the claims of the FLSA Collective members.

34. Plaintiff will fairly and adequately protect the interests of the FLSA Collective and has retained counsel experienced in FLSA collective actions.

## RULE 23 CLASS ACTION ALLEGATIONS

35. Plaintiff also brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other current and former employees of Defendants employed as non-exempt construction workers in New York within six years prior to the filing of this Complaint who did not receive overtime pay, spread-of-hours premiums, wage notices, or wage statements as required by the NYLL (the "Rule 23 Class").

36. Numerosity: The Rule 23 Class is so numerous that joinder of all members is impracticable. Upon information and belief, the Class consists of at least forty individuals.

37. Commonality: Common questions of law and fact exist, including whether Defendants failed to pay overtime, failed to pay spread-of-hours pay, and failed to provide wage notices and wage statements.

38. Typicality: Plaintiff's claims are typical of those of the Class because Defendants subjected all Class members to the same unlawful practices.

39. Adequacy: Plaintiff will fairly and adequately represent the Class, has no conflicts with Class members, and has retained competent counsel experienced in wage-and-hour class litigation.

40. Predominance and Superiority: Questions of law and fact common to Class members predominate over any questions affecting only individual members. A class action is superior to other methods for fairly and efficiently adjudicating the controversy.

## FIRST CAUSE OF ACTION
***(Violation of the FLSA – Unpaid Overtime)***

41. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

42. Plaintiff brings this claim on behalf of himself and all others similarly situated.

43. The FLSA requires employers to pay their employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

44. Defendants willfully and repeatedly violated the FLSA by failing to pay Plaintiff any overtime premium for the 10-18 hours of overtime he consistently worked each week.

45. As a direct result of Defendants' willful violation of the FLSA, Plaintiff has been damaged in an amount to be determined at trial, plus liquidated damages.

**SECOND CAUSE OF ACTION**
***(Violation of the NYLL – Unpaid Overtime)***

46. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

47. Plaintiff brings this claim on behalf of himself and all others similarly situated.

48. The NYLL and its supporting regulations require employers to pay their employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

49. Defendants willfully violated the NYLL by failing to pay Plaintiff the required overtime premium for all hours he worked over forty per week.

50. As a direct result of Defendants' willful violation of the NYLL, Plaintiff has been damaged in an amount to be determined at trial, plus liquidated damages.

**THIRD CAUSE OF ACTION**
***(Violation of the NYLL – Failure to Pay Spread-of-Hours Premium)***

51. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

52. Plaintiff brings this claim on behalf of himself and all others similarly situated.

53. The NYLL requires that employees be paid one additional hour of pay at the basic minimum hourly wage for any day in which the employee's spread of hours exceeds ten (10) hours.

54. Plaintiff frequently worked 10 hours per day and sometimes until 11:00 PM, causing his spread of hours to exceed ten hours.

55. Defendants failed to pay Plaintiff the required spread-of-hours premium for each day his work spread exceeded ten hours.

56. As a direct result of Defendants' violation, Plaintiff is owed damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
***(Violation of the NYLL – Unlawful Deductions)***

57. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

58. Plaintiff brings this claim on behalf of himself and all others similarly situated.

59. The NYLL prohibits employers from making unauthorized deductions from an employee's wages.

60. Defendants made unlawful deductions from Plaintiff's wages on at least three occasions, deducting pay for hours that Plaintiff had actually worked.

61. As a direct result of Defendants' violation, Plaintiff is owed the amount of the unlawful deductions, plus interest.

## FIFTH CAUSE OF ACTION
***(Violation of the NYLL – Failure to Provide Wage Statements)***

62. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

63. Plaintiff brings this claim on behalf of himself and all others similarly situated.

64. NYLL § 195(3) requires employers to furnish employees with a statement with every payment of wages, listing gross wages, deductions, net wages, and other information.

65. Defendants failed to provide Plaintiff with any wage statements for the duration of his employment.

66. As a result of Defendants' violation, Plaintiff is entitled to statutory damages.

## SIXTH CAUSE OF ACTION
***(Violation of the NYLL – Failure to Provide Wage Notices)***

67. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

68. Plaintiff brings this claim on behalf of himself and all others similarly situated.

69. NYLL § 195(1) requires employers to provide written notice of an employee's rate of pay and other information at the time of hiring.

70. Defendants failed to provide Plaintiff with the required wage notice at the time of his hiring.

71. As a result of Defendants' violation, Plaintiff is entitled to statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Miguel Zamora respectfully requests that this Court enter a judgment in his favor and against Defendants, jointly and severally, for the following:

a. Certification of this action as a collective action under the FLSA, designation of Plaintiff as representative of the FLSA Collective, and issuance of notice to all similarly situated individuals;

b. Certification of this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, designation of Plaintiff as Class Representative, and appointment of Plaintiff's counsel as Class Counsel;

c. Recovery of damages, penalties, and interest on behalf of Plaintiff, the FLSA Collective, and the Rule 23 Class;

d. Unpaid overtime wages under the FLSA and NYLL;

e. Unpaid spread-of-hours pay under the NYLL;

f. The full amount of unlawful deductions made from his pay;

g. Liquidated damages equal to 100% of the unpaid wages pursuant to the FLSA and NYLL;

h. Statutory penalties for the failure to provide wage notices and wage statements under the NYLL;

i. Pre-judgment and post-judgment interest;

j. Reasonable attorneys' fees and costs of this action; and

k. Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
September 26, 2025

**LAW OFFICE OF MOHAMMED GANGAT**

By: [signature]

Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810
New York, New York 10017
(718) 669-0714
mgangat@gangatllc.com
*Attorneys for Plaintiff*